IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jason Rahimzadeh, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:22-cv-07056 |
| vs. ) | |
| ) | |
| ACE American Insurance Company, ) | |
| ) | |
| Defendant. ) | |

**<u>DEFENDANT ACE AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS</u>**

Defendant ACE American Insurance Company ("ACE" or "Defendant"), by and through its undersigned attorneys, respectfully moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. In support of this Motion, Defendant states as follows:

**I.  INTRODUCTION**

Plaintiff Jason Rahimzadeh ("Plaintiff") filed this lawsuit against ACE, seeking a declaration that ACE owes uninsured motorist ("UIM") coverage to Plaintiff, or in the alternative, that ACE's UIM coverage is illusory. Plaintiff also requests an award of damages under section 155 of the Illinois Insurance Code.

This court should dismiss Plaintiff's complaint because it fails to state a claim upon which relief may be granted. Plaintiff's injuries are not covered under the policy at issue because Plaintiff was not an "insured" under the policy when the accident took place. Additionally, Plaintiff is not entitled to recover damages under section 155 because ACE has asserted a legitimate policy defense to coverage for Plaintiff's injuries.

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A. The Policy.

ACE issued a business auto policy H25295304 (the "Policy") to the Named Insured Medtronic, PLC ("Medtronic") for the policy period from May 1, 2020 to May 1, 2021. (Policy, at 58-69 of 570). A true and correct copy of the Policy is attached hereto as Exhibit A. By endorsement, the Policy includes UIM Coverage. (Policy, at 165 of 570). Under the relevant insuring agreement, ACE agreed to "pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle.'" (Policy, at 165 of 570).

Plaintiff claims that he is an "insured" under the Policy. (Compl. ¶¶ 43, 45). The Policy defines an "insured" as "anyone 'occupying' a covered 'auto.'" (Policy at 165 of 570). The Policy provides that "occupying" means "in, upon, getting in, on, out, or off" and "auto" means "[a] land motor vehicle, 'trailer' or semitrailer designed for travel on public roads" or "[a]ny other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law." (Policy, at 67, 168 of 570). By endorsement, covered "autos" are defined to include all autos leased by the Named Insured, Medtronic. (Policy, at 58, 97 of 570).

### B. The Injuries Claimed by Plaintiff

Plaintiff alleges that he was riding his bicycle when he was struck by an automobile. (Compl. ¶ 47). Plaintiff filed a lawsuit in the Circuit Court of Cook County against the allegedly at-fault driver of the vehicle who struck him, in a lawsuit styled as *Jason and Nikki Rahimzadeh v. Keller*, Case No. 2021L78. (*Id.* ¶ 17). Plaintiff also sought coverage from his own personal automobile insurer. (*Id.* ¶ 18). Plaintiff's personal automobile insurer acknowledged UIM coverage. (*Id.* ¶ 19).

### C. The Instant Action

ACE declined coverage on January 15, 2021, explaining that Plaintiff was not an "insured" under the Policy because he was not "occupying" a covered "auto." On September 8, 2022, Plaintiff filed a complaint seeking a declaratory judgment that the claims were covered under the Policy in the Circuit Cook of Cook County, Case No. 2022CH08890 (the "Complaint"). A true and correct copy of the Complaint is attached hereto as Exhibit B. Plaintiff argues that because he had use of a Medtronic leased automobile as part of his employment, he was "occupying" a covered "auto" while riding his personal bicycle, and thus was covered under the Policy. (*Id.* ¶ 11, 45). Plaintiff ignores the critical fact that he was not occupying that leased automobile at the time of the accident at issue. ACE removed the action to this court based on diversity jurisdiction.

### III. ARGUMENT

### A. Legal standard.

Under Rule 12(b)(6), a court should dismiss a plaintiff's complaint when the factual allegations fail to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-61 (2007). When considering a motion to dismiss, the court must "accept as true all of the well-pleaded factual allegations in the plaintiff's complaint" and "draw all reasonable inferences in the plaintiff's favor." *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002). The court, however, "need not accept as true 'conclusory statements of law or unsupported conclusions of fact.'" *Id*. The complaint must plead sufficient facts to plausibly suggest that the Plaintiff has a right to relief. *Sandy Point Dental, PC v. Cincinnati Ins. Co.*, 488 F.Supp.3d 690, 692 (N.D. Ill. 2020).

### B. Plaintiff's Claim is Not Covered Under the Policy.

Under Illinois law, the construction of an insurance policy is a question of law. *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1212 (Ill. 1992). "If the words in the

policy are unambiguous, a court must afford them their plain, ordinary, and popular meaning." *Id.* "When the parties place a valid limitation on the coverage in an insurance policy, the plain language of that limitation must be effectuated." *Gen. Ins. Co. of Am. v. Robert B. McManus, Inc.*, 650 N.E.2d 1080, 1083 (Ill. 1995).

"The rule that policy provisions limiting an insurer's liability will be construed liberally in favor of coverage only applies where the provision is ambiguous." *Founders Ins. Co. v. Munoz*, 930 N.E.2d 999, 1004 (Ill. 2010). "A policy provision is not rendered ambiguous simply because the parties disagree as to its meaning." *Id*. Rather, the court may find ambiguity only "where the policy language is susceptible to more than one reasonable interpretation." *Id.*

In this case, the Policy's definitions of "insured," "occupying," and "auto" are unambiguous and preclude coverage for the claims for which Plaintiff seeks coverage. Accordingly, ACE properly denied coverage for Plaintiff's claims and his Complaint should be dismissed.

### 1. Who is An Insured

The Policy's Illinois UIM Coverage defines an "insured" as "anyone 'occupying' a covered 'auto.'" (Policy, at 165 of 570). Plaintiff was not an "insured" at the time of the accident because he alleges that he was riding his personal bicycle, and was not "in, upon, getting in, on, out, or off" his company automobile. (*See* Policy, at 106 of 570); (Compl. ¶ 47).

Illinois courts hold that to be an "occupant" for purposes of an automobile insurance policy, "(1) there must be some nexus or relationship between the injured party and the covered vehicle, *and* (2) **there must be actual or virtual physical contact between the injured party and the covered vehicle**." *DeSaga v. West Bend Mut. Ins. Co.*, 391 Ill. App. 3d 1071 (3d Dist. 2009) (emphasis added). Furthermore, Illinois courts have delineated the limits of "occupying" a vehicle – even a

person who is two and a half car lengths away from the covered auto, and had exited the covered auto thirty seconds previously, is not "occupying" or "using" a covered "auto." *Arrington v. Certain Underwriters at Lloyd's, London*, 2019 IL App (1st) 182345 (2019).

Plaintiff alleges that he was riding his personal bicycle at the time of the accident. (Compl. ¶ 47). Although Plaintiff concludes that, by riding his bicycle, he was occupying a covered "auto" at the time of the accident, it is clear from Plaintiff's own allegations that Plaintiff was not occupying the automobile. (*Id.* ¶ 45). In deciding this Motion, the Court need not accept as true Plaintiff's allegation that he was occupying a covered "auto" because it is a conclusory statement of law and unsupported conclusion of fact. *First Ins. Funding*, 284 F.3d at 804. Plaintiff does not allege that he was anywhere near a covered "auto," nor that he had recently exited a covered "auto." Plaintiff does not sufficiently allege there was any "virtual physical contact" with the covered automobile. *See DeSaga*, 391 Ill. App. 3d 1071 (3d Dist. 2009). Therefore, Plaintiff was not "occupying" a covered "auto" at the time of the accident, as required under the Policy to be considered an "Insured." As Plaintiff was not an Insured at the time of the accident, he is not entitled to coverage under the Policy.

2. *Illinois Does Not Require Coverage in Plaintiff's Case.*

Where an insured is a corporation, UIM coverage does *not* extend to employees for accidents that do not involve occupancy of covered automobiles. *See Stark v. Ill. Emcasco Ins. Co.*, 373 Ill.App.3d 804, 809 (Ill. App. Ct. 2007) (citing *Economy Preferred Ins. Co. v. Jersey County Const., Inc.*, 246 Ill.App.3d 387, 390 (Ill. App. Ct. 1993)). Although Named Insureds are potentially covered by UIM insurance when they are not occupying their automobiles, Illinois courts have held that not even corporate officers are entitled to be considered Named Insureds for the purposes of UIM coverage. *See generally Stark*, 373 Ill.App.3d. Cases that extend UIM

coverage to pedestrians or bicyclists involve insurance policies purchased by individuals. *See Galarza v. Direct Auto Ins. Co.,* 2022 IL App (1st) 211595 (September 30, 2022) (extending UIM coverage to the Named Insured's family member when family member was riding a bicycle).

Here, Plaintiff is not a Named Insured under the Policy, nor a family member of the Named Insured. The Named Insured is a corporation. (*See* Ex. A, at 42 of 570). The Policy itself differentiates "Who is An Insured" based on whether the policyholder is an individual or a corporation. (Policy, at 109 of 570). While Illinois courts may favor extending UIM coverage to individuals and their family members not "occupying" a covered automobile when those policies were issued directly to the individual, no Illinois court has extended UIM coverage to the employee of a named insured corporation when that employee was not occupying a covered auto.

Plaintiff was afforded UIM coverage by his personal automobile policy because he was the Named Insured under that policy, and was an individual. (Compl. ¶ 19). Medtronic provided coverage to Plaintiff under the Policy only when he was occupying its company automobiles. Those situations are not analogous at all. Illinois courts do not require that UIM coverage be extended to Plaintiff when he was not occupying a covered "auto" provided by his employer, Medtronic.

### C. The Policy is Not Illusory.

An insurance policy is illusory only if there is "no possibility under any set of facts for coverage." *See Archer Daniels Midland Co. v. Burlington Ins. Co. Group, Inc.*, 785 F.Supp.2d 722, 735 (N.D. Ill. 2011). If an insurance policy provides the possibility of coverage under some possible liabilities, the policy is not illusory. See *Atlantic Specialty Ins. Co. v. AC Chicago, LLC*, 272 F. Supp.3d 1043, 1051 (N.D. Ill. 2017) (citation omitted).

The Policy provides UIM coverage for anyone occupying an "auto" owned or leased by Medtronic. (Policy at 97, 98 of 570). By Endorsement, the Policy includes the occupants of "all

autos leased by" Medtronic as "insureds." (*Id.* at 97, 98 of 570). Plaintiff alleges that the coverage is illusory because Medtronic was not "the owner of the vehicle used by Jason Rahimzadeh" on the date of the accident, and therefore Plaintiff would never be covered under the Policy. (Compl. ¶¶ 54, 58). This is plainly incorrect. The Policy includes coverage when the auto is leased but only for individuals occupying that leased vehicle. (Policy, at 97, 98 of 570). Therefore, there is no illusory coverage under the Policy.

### D. Plaintiff Has No Claim under Section 155 of the Illinois Insurance Code.

Section 155 of the Illinois Insurance Code authorizes an award of attorney's fees and a statutory penalty if the court finds that an insurance company's conduct in denying a claim was "vexatious and unreasonable." 215 ILCS 5/155(1). An insurer's conduct is not vexatious and unreasonable if "the insurer asserts a legitimate policy defense." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 200 F.3d 1102, 1110 (7th Cir. 2010).

In this case, ACE has asserted a "legitimate policy defense," namely, that Plaintiff is not an "insured" under the Policy because he was not "occupying" a covered "auto." Accordingly, ACE did not violate section 155, and Plaintiff cannot state a claim for relief under that section in Count III of his complaint.

### IV. CONCLUSION

For the foregoing reasons, this court should dismiss all claims in Plaintiff's Complaint, and grant such further relief as is just and equitable.

Dated: January 25, 2023            Respectfully submitted,

By: /s/ Kevin R. O'Neill
One of the Attorneys for
ACE American Insurance Company

Edward P. Gibbons  (6201189)
Joyce F. Noyes  (6215889)
Kevin R. O'Neill  (6300457)
Walker Wilcox Matousek LLP
One N. Franklin St., Ste. 3200
Chicago, IL 60606
Telephone: (312) 244-6700
Fax: (312) 244-6800
egibbons@walkerwilcox.com
jnoyes@walkerwilcox.com
koneill@walkerwilcox.com
Attorneys for Defendant ACE American Insurance Company

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 25, 2023, we caused the foregoing document to be filed electronically with the Clerk of the Court via CM/ECF, which will notify all parties in this matter who are registered with the Court's CM/ECF filing system of such filing.

/s/ Kevin R. O'Neill