**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Jason Rahimzadeh, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:22-cv-07056 |
| v. | ) | |
| | ) | |
| ACE American Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

NOW COMES Plaintiff JASON RAHIMZADEH, by and through his attorneys, Jason E. DeVore and Troy S. Radunsky, of DeVore Radunsky LLC, and for Plaintiff's Response in Opposition to Defendant, ACE American Insurance Company's (hereinafter, "ACE") Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, states as follows:

**INTRODUCTION**

ACE's motion to dismiss should be denied for several well-founded reasons. First, the complaint clearly pleads sufficient facts to state a plausible basis for relief and avoid dismissal under Rule 12(b)(6). Plaintiff's factual allegations establish substantive claim of right to relief in the form of judicial declarations that Plaintiff is entitled to coverage under the ACE policy's UIM coverage endorsement, the ACE policy's UIM coverage is illusory, and the actions taken by ACE in handling Plaintiff's claim violate Section 155 of the Illinois Insurance Code.

Next, ACE does not even attempt to identify any deficiency in the complaint warranting dismissal under Rule 12(b)(6). ACE evidently ignores the axiom that the purpose of a motion to dismiss is to test the sufficiency of the complaint, *not the merits of the case*. ACE's arguments, however, are not remotely directed at infirmities in the complaint. Instead, ACE seeks dismissal by immediately and solely arguing the merits of this coverage dispute, despite Seventh Circuit

1

jurisprudence reiterating that a motion to dismiss does not test the merits of the case. ACE's motion thus effectively seeks summary judgment, despite its label as a motion to dismiss. ACE's motion does not contain a single citation to a "motion to dismiss" case in support of its arguments, and instead relies on inapposite cases ruled on at the summary judgment stage under an entirely disparate standard. Moreover, ACE's arguments raise and turn on issues that are decidedly suited for summary judgment, not a motion to dismiss. Such issues include the construction of an insurance policy terms, whether policy terms comport with statutory requirements, and whether policy terms violate Illinois public policy. ACE improperly argues these very issues at this stage.

Third, ACE's first (of two) arguments asserting that Plaintiff is not entitled to UIM coverage under the ACE policy is fatally undermined by the Illinois Appellate Court's recent ruling in *Galarza v. Direct Auto Ins. Co.*, 2022 IL App (1st) 211595. The *Galarza* court abolished any requirement or condition imposed by an insurance policy that an individual must be occupying a covered auto at the time of the accident in order to qualify as an insured under a policy's UIM coverage, and held that an insurer may not directly or indirectly deny UM (or UIM) coverage to an insured. The *Galarza* court also held that if an individual qualifies as an insured for purposes of the policy's bodily injury liability provisions, he or she must also be treated as an insured for purposes of the policy's UM (or UIM) coverage. This means the fact that policy terms, as written, preclude UM (or UIM) coverage is not dispositive of whether such coverage is afforded, because policy terms that conflict with a statute or public policy are void and unenforceable.

ACE's second arguments is equally meritless and is based upon a single, inapposite, case that relates to coverage for a person who is the sole owner of a corporation. Applying this unfounded and flawed premise to the present case, ACE argues that the policy's UIM coverage does not apply to Plaintiff, because Plaintiff is not a named insured under the ACE policy or a

family member of the named insured, and the named insured is Medtronic, which a corporation. This argument is preposterous. It is legally baseless and contrived from ACE's misreading of the singular out-of-date case upon which it relies.

Fourth, Plaintiff has sufficiently alleged that the ACE policy's UIM coverage is illusory because it would be impossible for plaintiff to be covered under ACE's interpretation. Finally, Plaintiff has sufficiently pleaded a right to relief under section 155 of the Illinois Insurance Code.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Specifically, "[a] motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). A complaint is sufficient where the plaintiff pleads facts to "state a claim that is plausible on its face." *Bilek v. Fed. Ins. Co.*, 8 F.4th at 586. "The requirement of facial plausibility means 'enough to raise a right to relief above the speculative level,'" so "[t]he plausibility standard is not akin to a 'probability requirement.'" *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 588 (7th Cir. 2016).

Applying this standard, "the Court takes the plaintiff's factual allegations as true, draws reasonable inferences in the plaintiff's favor, and assesses whether the plaintiff has asserted a plausible basis for relief." *Dental Experts, LLC v. Mass. Bay Ins. Co.*, 536 F.Supp.3d 318, 322 (N.D. Ill. 2021). Importantly, a motion to dismiss "test[s] the sufficiency of the complaint, not the merits of the case." *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 885 (7th Cir. 2022); *Rogers v. CSX Intermodal Terminals, Inc.*, 409 F.Supp.3d 612, 614 (N.D. Ill. 2019) (citing cases) (same).

Thus, the Court's "inquiry is limited to only whether [the] complaint 'includes factual allegations that state a plausible claim for relief.'" *Bilek*, 8 F.4th at 587. Nevertheless, "the pleading

requirements to survive a challenge to a motion to dismiss remain low." *Diedrich*, 839 F.3d 583, 589; *see also*, *Hopkins v. Ill.*, 2006 U.S. Dist. LEXIS 108499, at *22 (C.D. Ill. 2006) ("very little is required to withstand a motion to dismiss"). As such, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 827 (7th Cir. 2015).

## ARGUMENT

## I. PLAINTIFF HAS CLEARLY STATED A PLAUSIBLE CLAIM FOR RELIEF.

The complaint unquestionably pleads plausible claims for relief regarding this coverage dispute and ACE's improper denial of UIM coverage, including its conduct violating Section 155. Indeed, the complaint contains more than sufficient factual allegations "to give [ACE] fair notice of what the claim is and the grounds upon which it rests." *See City of Chi. v. Purdue Pharma L.P.*, 211 F.Supp.3d 1058, 1064 (N.D. Ill. 2016), quoting Fed. R. Civ. P. 8(a)(2); *Bilek*, 8 F.4th at 586 ("[Rule] 8(a)(2) prescribes a plaintiff's pleading standards, and it requires only that a complaint plead 'a short and plain statement of the claim showing that the pleader is entitled to relief'").

In particular, the complaint supplies ample factual allegations: (1) identifying the insurer, the named insured, and the insured claimant; and (2) describing the insurance policy at issue, the accident giving rise to the injuries for which coverage is sought, the relevant coverage under the policy, the insurer's prior denials of coverage, the actual case or controversy entailing the dispute over coverage, and the insurer's actions in violation of Section 155. (Doc. #1-1 at 11-29).

The complaint therefore sufficiently alleges the factual bases for Plaintiff's claim of right to judicial declarations that Plaintiff is entitled to coverage under the ACE policy's UIM endorsement, the ACE policy's UIM coverage is illusory, and the actions taken by ACE in handling Plaintiff's claim violates Section 155. *See Elward v. Electrolux Home Prods.*, 214

4

F.Supp.3d 701, 708 (N.D. Ill. 2016) (declaratory judgment may be entered for a party who has a substantive claim of right to such relief); *see also*, *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 399 (7th Cir. 2012) ("[a] claim is the aggregate of operative facts which give rise to a right enforceable in the courts"). For these reasons, the complaint pleads sufficient facts to state a claim that is plausible on its face, which precludes its dismissal under Rule 12(b)(6).

## II. ACE FAILS TO EXPLAIN HOW THE COMPLAINT IS DEFICIENT, AND INSTEAD IMPROPERLY ARGUES ONLY THE MERITS OF THE CASE.

ACE argues that Plaintiff's complaint for declaratory judgment fails to state a claim for relief, but ACE fails to articulate how the complaint is deficient so as to warrant dismissal under Rule 12(b)(6). ACE does not even address the sufficiency of the complaint, let alone argue that the complaint does not meet the standards for dismissal under Rule 12(b)(6). Instead, ACE solely argues the merits of the case. (Doc. #12 at 4-7). ACE thus flouts the maxim that a motion to dismiss tests the sufficiency of the complaint, not the merits of the case. *See Gociman*, 41 F.4th at 885.

As an illustration, ACE asserts "[t]his court should dismiss Plaintiff's complaint because it fails to state a claim upon which relief may be granted" since "Plaintiff's injuries are not covered under the policy at issue because Plaintiff was not an 'insured' under the policy when the accident took place." (Doc. #12 at 1). ACE's policy interpretation argument continues by asserting that "the Policy's definitions of 'insured,' 'occupying,' and 'auto' are unambiguous and preclude coverage for the claims for which Plaintiff seeks coverage." (*Id*. at 4). ACE thus effectively seeks summary judgment, despite styling its motion as seeking dismissal under Rule 12(b)(6).

Notably, ACE's motion does not contain a single citation to a "motion to dismiss" case in support of its arguments. ACE instead relies on cases decided on summary judgment under an entirely separate standard. For instance, ACE cites *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill.2d 90, 108 (1992) (Doc. #12 at 3-4), along with many other cases decided on summary

5

judgment, but these cases employ a standard higher than the notice-pleading standard that applies to a motion to dismiss. *See Thomson v. Washington*, 362 F.3d 969, 970 (7th Cir. 2004) (the federal rules require notice pleading, not fact pleading)..

Moreover, ACE's reliance on "summary judgment" case law at the motion to dismiss stage is misplaced because the construction of an insurance policy is a question of law appropriately decided on summary judgment. *Twenhafel v. State Auto Prop. & Cas. Ins. Co*., 581 F.3d 625, 628 (7th Cir. 2009). Further, whether the terms of an insurance policy comport with statutory requirements and/or public policy are also questions of law to be decided on a motion for summary judgment. *Galarza*, 2022 IL App (1st) 211595, ¶ 32; *Schultz v. Ill. Farmers Ins. Co*., 237 Ill.2d 391, 399. (2010). Thus, because ACE argues the merits of the case as grounds for dismissal, relies on inapposite "summary judgment" case law, and fails to identify any deficiency in the complaint, ACE's motion to dismiss is meritless and must be denied.

## III. ACE'S ARGUMENTS AGAINST COVERAGE ARE BELIED BY ILLINOIS LAW.

ACE offers two unavailing arguments to contest the availability of UIM coverage under the ACE policy. (Doc. #12 at 4-6). First, ACE contends Plaintiff is not an "insured" for because the UIM endorsement defines an "insured" as "anyone 'occupying' a covered 'auto'. According to ACE, Plaintiff was not "occupying" a covered auto at the time of the accident because plaintiff was riding his bicycle. (*Id*. at 4-5).

The second and equally meritless argument from ACE is that "[w]here an insured is a corporation, UIM coverage does *not* extend to employees for accidents that do not involve occupancy of covered automobiles." (*Id*. at 5)(emphasis in original). ACE thus argues that Plaintiff is not afforded UIM coverage because (1) the named insured is Plaintiff's employer, a corporation; (2) Plaintiff is neither a named insured nor a family member of the named insured; and (3)

Plaintiff's accident did not involve occupancy of his company automobile, a covered auto. (*Id*. at 6). As explained below, both of ACE's two coverage arguments are invalidated by Illinois law.

**A.    ACE's argument, that Plaintiff does not qualify as an "insured" under the ACE policy's UIM coverage, has been soundly rejected under Illinois law.**

As support its first coverage argument, ACE relies on outdated and inapplicable Illinois case law holding that "to be an 'occupant' for purposes of an automobile insurance policy," "there must be some nexus or relationship between the injured party and the covered vehicle," *and "actual or virtual physical contact between the injured party and the covered vehicle*." (Doc. #12 at 4) (emphasis in original). ACE also claims that "Illinois courts have delineated the limits of 'occupying' a vehicle," such that a person who exited the covered auto 30 second earlier and had moved a couple car lengths away is not "occupying" or "using" a covered "auto." (*Id*. at 5). ACE goes on to argue that Plaintiff's own allegations reflect he was not occupying his company vehicle, at the time of the accident because he has alleged that he was riding his personal bicycle. (*Id*.)

ACE's argument is directly refuted by the recent First District holding in *Galarza v. Direct Auto Ins. Co*., 2022 IL App (1st) 211595, issued in September 2022 , just 3 weeks after Plaintiff filed his complaint. ACE is aware of *Galarza* (Doc. #12 at 6), but neglects to address *Galarza*'s holding and its considerable bearing on this case and ACE's argument. Despite ACE' attempts to avoid the application of *Galarza*, ACE's position is eviscerated by this seminal decision.

In *Galarza*, 2022 IL App (1st) 211595, Fredy Guiracocha filed a claim under his Direct Auto insurance policy after his son, Cristopher, was injured by a hit-and-run driver while riding his bicycle. *Id*. at ¶ 2. The trial court granted Direct Auto's motion for summary judgment based upon lack of UM coverage.[1] *Id*. Guiracocha appealed. *Id*.

---

[1] While *Galarza* concerned UM coverage, the same public policy considerations impact UM and UIM coverage equally. *Schultz v. Ill. Farmers Ins. Co*., 237 Ill.2d 391, 404 (2010) ("[u]nder Illinois law, liability,

On appeal, the court recounted that the Direct Auto policy provided UM coverage in Part II of the policy, which defined the term "Insured" to include the named insured and a "relative." *Id*. at ¶ 5. The court explained that UM coverage is afforded under the Direct Auto policy where the damages were caused by accident, while the insured was an occupant in an "insured automobile," and were the result of the ownership, maintenance, or use of the uninsured motor vehicle. *Id*. Fredy filed a UM claim against Direct Auto based on Christopher's status as a "relative" under the policy. *Id*. at ¶ 18. Direct Auto denied coverage because Cristopher was not an occupant of an insured vehicle at the time of the incident. *Id*.

Direct Auto subsequently moved for summary judgment, arguing that a bicycle is not a vehicle under Illinois law, making Cristopher a pedestrian, and that section 143a of the Insurance Code does not require UM coverage for pedestrians or individuals not occupying a vehicle. *Id*. at ¶ 19. The insureds argued that Direct Auto violated public policy and section 143a by conditioning UM coverage on the insured's occupancy of their own vehicle and by denying coverage to pedestrians who have been physically struck by hit-and-run vehicles. *Id*. at ¶ 20.

The court stated that the construction of an insurance policy's terms, whether the policy comports with statutory requirements, and whether a policy provision is invalid because it violates public policy present questions of law that *are properly decided on a motion for summary judgment*. *Id*. at ¶¶ 32-33. The parties agreed that the Direct Auto policy did not provide UM coverage for Cristopher's injuries, because the policy required the insured to "occupy" an "insured automobile," and Cristopher was struck by a vehicle while riding his bicycle. *Id*. at ¶ 35. The court explained that policy terms precluding UM coverage are not dispositive if enforcing the policy as

UM and UIM provisions are thus inextricably linked. ... Once a person qualifies as an insured for purposes of the policy's bodily injury liability provisions, he or she must be treated as an insured for UM and UIM").

8

written would violate public policy. *Id*. at ¶ 36. Policy terms that conflict with a statute are void and unenforceable; policy terms cannot circumvent the underlying purpose of a statute. *Id*.

Illinois public policy is designed to protect members of the public injured in auto accidents. *Id*. at ¶¶ 40-41. The purpose of the statutorily required liability insurance is to protect the public by securing payment of their damages. *Id*. The legislature requires UM coverage in order to place the policyholder in substantially the same position if the tortfeasor had the minimum liability insurance required by Illinois law. Section 143a of the Insurance Code requires all motor vehicle liability policies to include UM coverage. *Id*. at ¶¶ 41-42. The key question in *Galarza* was whether Direct Auto could appropriately deny UM coverage. Direct Auto could not deny UM coverage without flouting Section 143a of the Insurance Code and its underlying purpose. *Id*. at ¶ 44.

The court stated that based on section 143a, UM coverage must extend to all who are insured under the policy's liability provisions, such that if a person qualifies as an insured for purposes of liability coverage under a policy, the insurer may not, either directly or indirectly, deny UM coverage to that person. *Id*. In other words, the court explained, if an individual qualifies as an insured for purposes of the policy's bodily injury liability provisions, he or she must be treated as an insured for purposes of UM coverage. *Id*. at ¶¶ 44, 46.

Direct Auto argued that Cristopher is not an insured under the liability coverage in Part I of the policy, because the definition of "Insured" in Part I requires use of an "owned automobile" or a "non-owned automobile," and Christopher was effectively a pedestrian who, by definition, would not be entitled to coverage under Part I. Direct Auto reasoned that because the UM provisions are valid and pedestrians are not insureds under Part I, pedestrians need not be insureds under the UM coverage in Part II of the policy. *Id*. at ¶ 46. The court, however, rejected Direct Auto's position as contrary to Section 143a *and* its underlying public policy. *Id*. at ¶ 47.

The court explained that Section 143a is expressly designed to broadly mandate UM coverage for the protection of persons insured under an automobile liability policy, but Direct Auto effectively evaded this requirement when drafting the policy by linking coverage to the insured's occupancy of an automobile. *Id*. The court observed this restriction makes sense in the context of liability coverage, because Direct Auto is providing *automobile* liability insurance, not *pedestrian* liability insurance. *Id*. The court explained in the UM context, however, the purpose of such coverage is thwarted if the coverage is effectively "whittled away" by unduly restrictive language, and an insurer may not directly or indirectly deny UM coverage to an insured. *Id*.

The court further observed the Direct Auto policy, as written, is inconsistent with Illinois case law, and discussed relevant Illinois cases consistent with its ruling, in which the court: (1) required the insurer to provide UM coverage for "insureds," regardless of whether they occupied or operated vehicles declared in the policy at the time of injury; (2) invalidated an exclusion in an auto policy for violating section 143a, thus allowing an injured pedestrian to recover under the UM coverage in her policy; and (3) concluded that to deny UM coverage to the insured simply because she did not occupy her insured automobile at the time of the accident would contravene public policy and the legislative purpose of section 143a. *Id*. at ¶¶ 49-50. The court thus found the circuit erred in finding there was no UM coverage and reversed the ruling. *Id*. at ¶¶ 54, 56.

Here, just as Direct Auto argued in *Galarza*, ACE likewise argues that Plaintiff does not qualify as an insured for purposes of the ACE policy's UIM coverage, because he was not "occupying" a covered "auto" at the time of the accident. And, just as the *Galarza* court rejected Direct Auto's argument because linking UM coverage to the insured's occupancy of an automobile would thwart the purpose of such coverage if it is effectively "whittled away" by unduly restrictive language such that an insurer may not directly or indirectly deny UM coverage to an insured, so

10

too should this Court reject ACE's nearly identical argument (as to UIM coverage) on the same statutory, public policy, and jurisprudential grounds articulated by the *Galarza* court. Therefore, because *Galarza* is undeniably controlling and dispositive of ACE's "occupancy" argument, the Court should reject ACE's first coverage argument and deny its motion to dismiss accordingly.

> **B. ACE's argument, that Plaintiff is not entitled to UIM coverage because he is an employee, the accident did not involve occupancy of a covered automobile, and the named insured is a corporation has no basis in Illinois law.**

ACE wrongly contends that "[w]here an insured is a corporation, UIM coverage does not extend to employees for accidents that do not involve occupancy of covered automobiles." (Doc. #12 at 5). ACE asserts that "Named Insureds are potentially covered by UIM insurance when they are not occupying their automobiles," but "not even corporate officers are entitled to be considered Named Insureds for the purposes of UIM coverage." *Id*. ACE claims that "no Illinois court has extended UIM coverage to the employee of a named insured corporation when that employee was not occupying a covered auto." *Id*. at 6. Applying the preceding to this case, ACE argues that Plaintiff is not afforded UIM coverage because "Plaintiff is not a Named Insured under the Policy, nor a family member of the Named Insured," and "[t]he Named Insured is a corporation." *Id*.

ACE's argument is misguided and is premised on ACE's erroneous extrapolation of Illinois law based solely on *Stark v. Ill. Emcasco Ins. Co*., 373 Ill.App.3d 804 (2007). (Doc. #12 at 6). Yet, *Stark* has no application here. The *Stark* plaintiff sought coverage under a commercial automobile policy issued to a corporation. Plaintiff was the sole officer, director, and shareholder. *Id*. at 805. The plaintiff was struck by a vehicle while walking in a parking lot. The driver's liability coverage was limited to $50,000 and so plaintiff sought UIM coverage. The corporation was the sole "named insured." *Id*. at 805-06. The UIM endorsement defined an "insured" in pertinent part as: "(1). You. (2). If you are an individual, any 'family member,' and (3). Anyone else 'occupying' a covered

'auto' or a temporary substitute for a covered 'auto.'" *Id*. at 805. The insurer denied coverage based upon the plaintiff not qualifying as an "insured." *Id*. at 806.

The insurer sought summary judgment, arguing the plaintiff was not an "insured" under the first paragraph of the UIM provision because the corporation was the only named insured in the declarations. *Id*. The plaintiff argued he was entitled to coverage under the UIM endorsement because the word "you" in the policy is ambiguous. *Id*. at 807. The plaintiff argued a reasonable person could interpret the word "you" to mean the plaintiff personally, since he is the only director, officer, and shareholder, and only he can legally act on behalf of the corporation *Id*. at 808. The court explained that the policy defined the term "you" as referring only to the "named insured" shown in the declarations, which is the corporation, and because the corporation has an existence wholly separate from the plaintiff, the policy is unambiguous on its face as to who is covered. *Id*.

Recently, in *Galarza,* the insurer, Direct Auto, relied on *Stark* and the court found it inapposite because *Stark* "was unrelated to the insured's status as a pedestrian; the appeal addressed whether the policy issued to a company provided certain coverage to the company's sole officer, director, and shareholder." *Galarza*, 2022 IL App (1st) 211595, ¶ 52, *citing Stark*, 373 Ill.App.3d at 810. ACE's reliance on *Stark* is misplaced. Indeed, *Stark* does not stand for the proposition that UIM coverage does not extend to employees injured in accidents that do not involve occupancy of covered autos if the named insured is a corporation. The court's narrow ruling in *Stark* turned on the definition of "you." The issue in *Stark*—if a "named insured" includes the plaintiff personally (as sole director, officer/shareholder of corporation) does not apply here. Thus, CE's argument based on *Stark* should be rejected, and its motion to dismiss denied.

## IV.      PLAINTIFF SUFFICIENLY ALLEGES ILLUSORY UIM COVERAGE

ACE argues that there is no illusory coverage, but cannot point to any deficiencies in the allegations. Instead, Defendant contends that it was not illusory because Plaintiff could receive UIM benefits if he was "occupying" a vehicle owned or leased by Medtronic. Defining "insured" to require a violation of public policy to satisfy reflects illusory coverage.

Here, the listed registered owner of the vehicle provided by Medtronic to Plaintiff, as well as the entity listed on the "Illinois Insurance Identification Card" for the same, was "D L PETERSON TRUST LSR, CO COVIDIEN SALES LLC LSE." Compl., Dkt. #1-1 pp. 11-31, ¶¶ 55, 56. As a result, Medtronic did not own or lease any vehicle in the possession of Plaintiff, making coverage entirely illusory.

## V.    ACE VIOLATED SECTION 155 OF THE ILLINOIS INSURANCE CODE

As outlined in the complaint and herein, ACE violated Section 155 of the Illinois Insurance Code through its vexatious, unreasonable handling of Plaintiff's claim. After providing virtually no explanation for its denial of Plaintiff's claim, ACE misrepresented the current state of the law and threatened sanctions against Jason Rahimzadeh for pursuing coverage under the ACE auto policy at issue.

The definition of "insured" in ACE's policy, which requires "occupying" a vehicle to qualify for UIM coverage, violates Illinois public policy. Under Illinois law, the terms of an insurance policy that conflict with a statute are void and unenforceable. *Galarza*, 2022 IL App (1st) 211595 at ¶ 37. "It is axiomatic that a statute that exists for protection of the public cannot be rewritten through a private limiting agreement." *Id.* (citing *Progressive Universal Ins. Co. of Ill. v. Liberty Mut. Fire Ins. Co.*, 215 Ill. 2d 121, 129 (2005).

Plaintiff sought coverage from ACE, then sought declaratory relief on September 9, 2022, after ACE denied coverage based on the contention that plaintiff was not an "insured" because he

was not "occupying" a vehicle. At the time of the accident giving rise to plaintiff's claim, plaintiff was riding a bicycle during the workday for his employer, Medtronic. On September 30, 2022, the *Galarza* court determined that an insurer's definition of "insured" based upon "occupying" a vehicle is against public policy and unenforceable. *Galarza*, 2022 IL App (1st) 211595.

Thereafter, on November 8, 2022, and December 15, 2022, by letter, ACE attempted to bully Plaintiff into dismissing his claims, by referencing dated case law and omitting *Galarza*, which "invalidates, or (minimally) calls into question, the case law" ACE cited. On December 30, 2022, counsel for Plaintiff wrote ACE regarding these issues. The letter states in part that:

> Failing to acknowledge the prevailing public policy as reflected by the Illinois First District Appellate Court could be a mistake if done once, but not twice. Frankly, the position you have taken on behalf of ACE smacks of bad faith in violation of Section 155 of the Illinois Insurance Code. Your untoward suggestion that my client's position "defies common sense" and lacks a legal basis is simply wrong.
>
> *       *       *
>
> The position taken by ACE aligns with the position taken by Direct Auto in each of the trial court cases that were consolidated for appeal. As you should already know, one of the *Galarza* claimants was a pedestrian, who was never in the car that hit him. He was walking out of a store. Direct Auto contended, as ACE contends here, that Galarza was required to "occupy" the vehicle **and** have physical contact with the insured automobile. The First District Appellate Court disagreed.
>
> *       *       *
>
> Additionally, the second claimant in *Galarza*, Christopher, was riding a bicycle, just like Jason Rahimzadeh was in this case. Direct Auto denied the claim because Christopher was not occupying a vehicle, but instead was riding a bicycle. Again, the First District Appellate Court disagreed with Direct Auto's position.
>
> *       *       *

ACE failed to respond to the December 30, 2022, letter that identified public policy concerns with ACE's position. Due to timing of the *Galarza* case and the parties' correspondence, this information was not included in the complaint filed on September 8, 2022. These facts are, however, important to Plaintiff's claims.

Defendant has asserted that its denial of coverage based on the policy definition constraint of "insured" to those occupying the vehicle is a "legitimate policy defense." Dkt. #12 pp. 7-9. Yet, this does not warrant dismissal, nor has Plaintiff cited case law for that proposition. Thus, Plaintiff's motion to dismiss should be denied in this regard as well. A "legitimate policy defense" is indeed a defense for an insurer accused of vexatious and unreasonable conduct under section 155, *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2010), but where coverage is in dispute by virtue of the policy definition of a given term, and the complaint has stated a valid claim for vexatious and unreasonable conduct by insurer, Illinois courts favor summary judgment proceedings and refuse to consider these issues at the motion to dismiss stage. *P & M/Mercury Mech. Corp. v. West Bend Mut. Ins. Co.*, 483 F.Supp.2d 601 (N.D. Ill. 2006) (bona fide dispute did not warrant dismissal; Section 155 claims not appropriate for motion to dismiss).

Plaintiff has pled a plausible claim as contemplated by *Twombly*. Accordingly, Plaintiff's claims seeking underinsured motorist benefits and Section 155 relief should stand.

## CONCLUSION

Plaintiff respectfully requests that this Honorable Court enter the following order:

1. Defendants' Motion to dismiss is denied;

2. Any further relief deemed appropriate by this Court.

Respectfully Submitted,

**Jason Rahimzadeh**

By: */s/ Jason E. DeVore*

Jason E. DeVore, One of the Attorneys for Plaintiff

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606