IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jason Rahimzadeh, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:22-cv-07056 |
| vs. ) | |
| ) | |
| ACE American Insurance Company, ) | |
| ) | |
| Defendant. ) | |

**REPLY IN SUPPORT OF DEFENDANT ACE AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS**

Defendant ACE American Insurance Company ("ACE" or "Defendant"), by and through its undersigned attorneys, and for its Reply in Support of Its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

**INTRODUCTION**

This Court should dismiss Plaintiff's case because his Complaint fails to state a claim. His Response does nothing to address the failure of his Complaint, merely citing caselaw inapplicable to the business auto policy at issue. Plaintiff's assertion that the Court cannot determine the interpretation of an insurance policy on a motion to dismiss is contradicted by Illinois case law. ACE is not "arguing the merits" of its case – it is arguing that Plaintiff fails to state a claim, and thus, dismissal is warranted.

Plaintiff bears the burden of alleging facts sufficient to state a claim, and Plaintiff has failed to meet its burden. Plaintiff alleges that he was riding a bicycle at the time of the accident, and so he does not allege any facts that would bring him under the coverage of the business auto policy ACE issued to his employer (the "Policy"). Unambiguously, the Plaintiff is not an "insured" under

the Policy when he is using his personal bicycle. This Court can, and should, dismiss Plaintiff's claim at this stage, when there is clearly no coverage under the Policy. No facts could be discovered that would bring Plaintiff's claim within the purview of the Policy's coverage.

Additionally, Plaintiff relies on one unpublished and distinguishable case to support his arguments in his Response. The plaintiff in *Galarza* was covered under a personal automobile policy, unlike here, where the Policy was issued to Plaintiff's employer. In *Galarza*, the insurer did not contest that he was a named insured. Here, Plaintiff is *not* a named insured under the Policy because he does not meet the definition of "insured" – whether under the business automobile coverage part or the uninsured motorist ("UIM") coverage part. Furthermore, the *Galarza* court based its ruling on public policy that does not apply in the present case, namely that UIM coverage should not be more restrictive than bodily injury liability coverage. That is not the case here, where Plaintiff is not an "insured" under either coverage part, and thus the coverage is consistent throughout.

Plaintiff's arguments that the Policy is illusory likewise fail. Coverage is not illusory because there are situations in which coverage is provided – such as when Plaintiff is operating his company automobile. Coverage is illusory only if there are *no* set of facts that would provide coverage. As there are many situations in which coverage is provided, because there are many situations in which a person would be "occupying" a covered "auto", coverage is not illusory. Under the Policy, "auto" includes any vehicle leased to Medtronic plc ("Medtronic"). Medtronic does not need to be on the title for a vehicle to be a covered "auto."

Finally, as there is no coverage under the Policy, ACE properly denied coverage, and Section 155 of the Illinois Insurance Code is not applicable to Plaintiff's claim.

Because Plaintiff fails to state a claim upon which relief can be granted, this Court should dismiss all three counts of his complaint.

## ARGUMENT

### I. The Interpretation of an Insurance Policy is Appropriately Decided on a Motion to Dismiss, Which is Warranted Here.

The construction of an insurance policy is a question of law "properly resolved by the court on a motion to dismiss." *ABW Dev., LLC v. Cont'l Cas. Co.*, 2022 IL App (1st) 210930, ¶ 26. Motions to dismiss are commonly granted in insurance coverage cases. *See, e.g., Carlisle Banquets Inc. v. Owners Ins. Co.*, 591 F. Supp. 3d 333, 337 (N.D. Ill. 2022) (granting motion to dismiss based upon interpretation of policy language); *AFM Mattress Co., LLC v. Motorists Com. Mut. Ins. Co.*, 503 F. Supp. 3d 602, 604 (N.D. Ill. 2020) (granting motion to dismiss for failure to state a claim based on unambiguous policy exclusion language*); Rosenberg v. Zurich Am. Ins. Co.*, 312 Ill. App. 3d 97, 108, 726 N.E.2d 29, 37–38 (2000) (affirming the trial court's dismissal of plaintiff's complaint for declaratory judgment against defendant seeking uninsured motorist benefits). Motions to dismiss may be granted even if the case allegedly requires some sort of public policy determination. *Johnson v. Safeco Ins. Co. of Am.*, 809 F. Supp. 602, 605 (N.D. Ill. 1992), *aff'd*, 9 F.3d 112 (7th Cir. 1993) (granting motion to dismiss when policy language was clear and unambiguous and also determining that the policy was not contrary to public policy).

The existence of coverage is an essential element of the insured's case, and the insured has the burden of proving that his loss falls within the terms of his policy. *ABW Dev., LLC v. Cont'l Cas. Co.*, 2022 IL App (1st) 210930, ¶ 26 (citing *St. Michael's Orthodox Catholic Church v. Preferred Risk Mut. Ins. Co.*, 146 Ill. App. 3d 107, 109, 100 Ill.Dec. 111, 496 N.E.2d 1176 (1986)). Plaintiff's Response criticizes ACE's citation to cases decided on summary judgment, but at any stage of litigation, Illinois courts hold that "[i]f the words in the policy are unambiguous, a court

3

must afford them their plain, ordinary, and popular meaning." *Phusion Projects, Inc. v. Selective Ins. Co. of S.C.*, 2015 IL App (1st) 150172, ¶ 40, 46 N.E.3d 1190, 1197 (citing *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1212 (Ill. 1992)) (affirming trial court's dismissal of insured's declaratory judgment action because a policy exclusion clearly applied).

Plaintiff asserts that his allegations are sufficient because the complaint "(1) identif[ies] the insurer, the named insured, and the insured claimant; and (2) describ[es] the insurance policy at issue, the accident giving rise to the injuries for which coverage is sought, the relevant coverage under the policy, the insurer's prior denials of coverage, the actual case or controversy entailing the dispute over coverage, and the insurer's actions in violation of Section 155." (Response at 4). But Plaintiff ignores that it is his burden to allege facts that are covered under the Policy. Plaintiff fails to meet his burden of alleging one of the essential elements of his claim. As outlined at length *infra*, the Plaintiff alleges that the accident occurred when he was riding his bicycle. (Compl. ¶ 47) The complaint does not allege that he was using, occupying, or anywhere near his company vehicle. Applying the unambiguous terms of the Policy, which require Plaintiff to be "occupying" a covered "auto" when he was injured, Plaintiff fails to allege that he meets the requirements for coverage, an essential element of his claim. Consequently, Plaintiff has failed to state a claim upon which relief can be granted, and the court should dismiss his Complaint.

**II.      There is No Caselaw in Illinois Indicating that Public Policy Requires UIM Coverage for An Employee Under His Employer's Automobile Policy.**

Plaintiff's argument that Illinois has "soundly rejected" Ace's position that Plaintiff does not qualify as an "insured" under the Policy is demonstrably false. Plaintiff spends four pages on this argument, but relies on a single, unpublished case that does not apply to the facts in this action, *Galarza v. Direct Auto Ins. Co.*, 2022 IL App (1st) 211595, *appeal allowed sub nom. Galarza*, 201

4

N.E.3d 587 (Ill. 2023); (Response at 7-11). *Galarza* is not "undeniably controlling and dispositive," as Plaintiff asserts. (Response at 11).

There are several critical differences between the present case and *Galarza*. The public policy argument in *Galarza* was based on disallowing UIM coverage that was more restrictive than the insured's automobile liability coverage. 2022 IL App (1st) 211595, ¶ 49. That is not the case here, where Plaintiff would not be insured under either coverage part while riding his bicycle. (Compl. ¶ 47). Furthermore, the policy in the case cited by Plaintiff was a personal automobile policy issued to an individual and his family. *See Galarza v. Direct Auto Ins. Co.*, 2022 IL App (1st) 211595. Here, the Policy was issued to Medtronic, a corporation. In *Galarza*, the insurer agreed that the plaintiff was a named insured because his father was a named insured together with all of the members of his household. *See* 2022 IL App (1st) 211595, ¶ 61 (Gordon, J. concurring). Here, ACE contends that Plaintiff is *not* an "insured" under *any* relevant portion of the Policy, including both the Business Auto Coverage Form and the UIM Coverage Form, because he was riding his personal bicycle. Therefore, *Galarza* has no application to the present facts.

The public policy announced in *Galarza* was that uninsured motorist coverage may not be more restrictive than automobile insurance coverage. *See Galarza*, 2022 IL App (1st) 211595, ¶ 46 ("[I]f an individual qualifies as an insured for purposes of the policy's bodily injury liability provisions, he or she must be treated as an insured for purposes of UM coverage."). Here, for plaintiff's purposes, there is no disparity in UIM coverage and automobile liability coverage and the public policy from *Galarza* is not implicated. The Policy's bodily injury liability provision, *i.e.*, the Business Auto Coverage Form, requires that an individual be "using" a covered "auto." In order to be an insured. (Policy at 50 of 570). The Policy's UIM coverage requires that the individual be "occupying" a covered "auto." (Policy at 165 of 570). Plaintiff was not "using" or

5

"occupying" a covered "auto" – he was on his bicycle. (Compl. ¶ 47). The Policy's definition of "insured" is restricted under *both* the bodily injury liability provision and the UIM Coverage Form. Thus, the public policy grounds present in *Galarza* are not present here.

Whether an agreement is contrary to public policy depends on the particular facts and circumstances of the case. *Progressive Universal Ins. Co. of Illinois v. Liberty Mut. Fire Ins. Co.*, 828 N.E.2d 1175, 1180 (Ill. 2005), as modified on denial of reh'g (June 9, 2005). Those seeking to have an agreement invalidated because of public policy carry a "heavy burden" of demonstrating a violation of public policy. *Phoenix Ins. Co. v. Rosen*, 242 Ill. 2d 48, 55, 949 N.E.2d 639, 645 (Ill. 2011). As *Galarza* does not apply, the Plaintiff must bear the burden of demonstrating that the Policy, as applied to the facts and circumstances of his case, is in violation of public policy. As Plaintiff does not address this argument, other than relying on the inapplicable *Galarza* decision, the Court should not make new law and conclude there is a violation of public policy here. The Policy does not violate any public policy announced by an Illinois court.

Even applying the logic of *Galarza* supports dismissal of Plaintiff's Complaint. Again, the issue in *Galarza* was that the policy's UIM coverage is restricted to "insureds" who are occupants of an "insured automobile." In *Galarza,* the plaintiff was a named insured under the automobile policy by virtue of his status as a family member of the named insured. Plaintiff does not qualify as an insured under the Business Auto Coverage Form, and therefore, even applying the Court's reasoning in *Galarza*, it is not against public policy to deny him UIM coverage. In the Policy's Business Auto Coverage Form, an "insured" is "anyone else while using with your permission a covered 'auto.'" (Policy at 50 of 570). Under Illinois law, "use" of an automobile must be "rationally connected *to the vehicle* for the purposing of providing transportation or some other related need of the user." *Schultz v. Illinois Farmers Ins. Co.*, 237 930 N.E.2d 943, 949 (Ill. App.

Ct. 2010) (citation omitted) (emphasis added). Plaintiff does not allege that he was "using" his company vehicle in any way – he alleges that he was riding his personal bicycle. (Compl. ¶ 47). Therefore, he cannot allege the threshold matter that he was even a named insured under the Policy.

Regardless, the unpublished *Galarza* decision has not only been appealed, but will be heard the Illinois Supreme Court. *Galarza*, 201 N.E.3d 587 (Ill. 2023). *Galarza* is the *only* case that Plaintiff relies upon for his argument that Illinois has "undeniably" decided the issue in the present case. Clearly, its authority is "deniable" – in fact, the Supreme Court of Illinois may wholly reject it. As such, Plaintiff fails to allege how *Galarza* alone determines this case.

### III.     The Policy Is Not Illusory

Plaintiff's two arguments that the Policy provides illusory coverage are ungrounded in law and fact. First, Plaintiff asserts that "[d]efining "insured" to require a violation of public policy to satisfy reflects illusory coverage." (Response at 13). Plaintiff cites no legal support for this argument because there is none.

Second, an insurance policy is illusory only if there is "no possibility under any set of facts for coverage." *See Archer Daniels Midland Co. v. Burlington Ins. Co. Group, Inc.*, 785 F.Supp.2d 722, 735 (N.D. Ill. 2011). Plaintiff argues that because the entity listed as the registered owner of the vehicle and on the "Illinois Insurance Identification Card" was "D L PETERSON TRUST LSR, CO COVIDIEN SALES LLC LSE," Medtronic did not own or lease any vehicle in possession of Plaintiff. (Response at 13). Under Plaintiff's logic, Plaintiff could never be covered, because his company vehicle was not owned or leased by Medtronic. (Response at 13).

As stated in ACE's Motion to Dismiss, the Policy provides UIM coverage for anyone occupying an "auto" owned *or leased* by Medtronic. (Policy at 97, 98 of 570). Under the Policy and its endorsements, occupants of "all autos leased by" Medtronic are "insureds." (*Id.* at 97, 98

7

of 570). Medtronic need not be on the title of the vehicle for there to be coverage, because it need not own the vehicle for occupants to be considered "insureds" under the Policy. Plaintiff argues without explaining that Medtronic did not lease the vehicle and so the vehicle is not a covered auto. (Response at 13). Plaintiff cannot fabricate facts to render the coverage illusory.

The coverage is not illusory because the Policy covers a variety of situations, including the situation clearly intended by Medtronic, to provide Plaintiff with liability and UIM coverage when occupying a company vehicle. The fact that Plaintiff was on his bicycle and not in the vehicle does not make the coverage illusory. As Plaintiff does not reasonably allege that the coverage is illusory, this Court should grant the Motion to Dismiss.

**IV.     There Is No Coverage Under the Policy So ACE Cannot Be Found Liable for Section 155 Damages.**

Section 155 damages should only be awarded if the insurer's refusal to pay was "vexatious and unreasonable. 215 ILCS 5/155(1). If there is a "bona fide dispute" concerning the scope and application of insurance coverage, the insurer's conduct is not vexatious or unreasonable. *Carlisle Banquets Inc. v. Owners Ins. Co.*, 591 F. Supp. 3d 333, 340 (N.D. Ill. 2022). A legitimate policy defense is also not vexatious or unreasonable. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2010). Furthermore, if an insurer properly denies coverage, it should not be liable under Section 155. *Id.*

In this case, ACE properly denied coverage, and so Section 155 damages are inappropriate. ACE's refusal to pay cannot be "vexatious and unreasonable" when, in fact, it was warranted given the clear language of the policy and the facts Plaintiff alleges. Even if there is coverage in this case, ACE could not anticipate an extension of the public policy stated in *Galarza*. As stated above, *Galarza* involved an automobile policy belonging to an individual. Here, the Policy was issued to Plaintiff's employer, and he was an "insured" under limited circumstances not presented by

Plaintiff's Complaint. Under the current legal framework, ACE's denial of coverage was reasonable. Plaintiff has not, and cannot, state a claim for relief based on Section 155, and this Court should dismiss Count III of his complaint.

## CONCLUSION

For the foregoing reasons, this court should dismiss all claims in Plaintiff's Complaint, and grant such further relief as is just and equitable.

Dated: March 2, 2023

Respectfully submitted,

By: /s/Kevin R. O'Neill
One of the Attorneys for
ACE American Insurance Company

Edward P. Gibbons  (6201189)
Joyce F. Noyes  (6215889)
Kevin R. O'Neill  (6300457)
Walker Wilcox Matousek LLP
One N. Franklin St., Ste. 3200
Chicago, IL 60606
Telephone: (312) 244-6700
Fax: (312) 244-6800
egibbons@walkerwilcox.com
jnoyes@walkerwilcox.com
koneill@walkerwilcox.com
Attorneys for Defendant ACE American Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing ***Reply in Support of Defendant Ace American Insurance Company's Motion to Dismiss*** was electronically filed using the CM/ECF system and will be sent electronically via ECF to all attorneys of record on March 2, 2023.

/s/Kevin R. O'Neill