**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Jason Rahimzadeh, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:22-cv-07056 |
| vs. | ) | |
| | ) | |
| ACE American Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

On July 12, 2023, this Court ordered the parties to file a joint status report regarding the

relationship between Defendant Ace American Insurance Company and Chubb to address three

questions posed by the Court. The parties submit the following Joint Status Report.

    **I.**        **Ace's Position on the Court's Request**

  (1) <u>The relationship between Defendant ACE American Insurance Company and "Chubb."</u>

ACE American Insurance Company ("Ace") is a wholly owned subsidiary of INA

Holdings Corporation, which is a wholly owned subsidiary of INA Financial Corporation. INA

Financial Corporation is a wholly owned subsidiary of INA Corporation, which is a wholly owned

subsidiary of Chubb INA Holdings Inc. Chubb INA Holdings Inc. is owned 80% by Chubb Group

Holdings Inc. and 20% by Chubb Limited. Chubb Group Holdings Inc. is a wholly owned

subsidiary of Chubb Limited. Chubb Limited (NYSE: CB) is the only publicly traded company

holding more than a 10% ownership interest in ACE American Insurance Company.

    "Chubb" is a trade name for a family of companies.  There is no company just called

"Chubb" and no Chubb entity is identified in Plaintiff's Complaint.  ACE is a separate entity from

any entity bearing the "Chubb" name, but is part of the "Chubb" family of companies for branding purposes.

   (2) <u>Whether Chubb is a required party that must be joined as a defendant under Federal Rule of Civil Procedure 19; and</u>

There is no "Chubb" entity that would be a required party under Federal Rule 19. ACE is the party that issued the policy and is the only necessary party to Plaintiff's declaratory judgment action, as it is the only party required for this Court to make a determination of the parties' rights under the Policy at issue.

   (3) <u>Whether the court would retain subject matter jurisdiction if Chubb is joined to this action under Rule 19.</u>

It is unclear to ACE what, if any, entity Plaintiff was referring to in his Complaint and Plaintiff has identified no specific entity in its portion of this report. To the extent they identify some operations of a corporation in Illinois is not relevant. That a corporation does business in Illinois is irrelevant, so long as the record reveals that its "principal" place of business is elsewhere. *Hayes v. Allstate Insurance Co.,* 722 F.2d 1332, 1334 n. 3 (7th Cir.1983); *Celanese Corp. v. Vandalia Warehouse Corp.,* 424 F.2d 1176, 1178 (7th Cir.1970). ACE issued the policy at issue, for which Plaintiff seeks a declaration. ACE is incorporated in Pennsylvania with its principal place of business in Pennsylvania.

## II.    Plaintiff's Position on the Court's Request

   (1) <u>The relationship between Defendant ACE American Insurance Company and "Chubb."</u>

The policy at issue has numerous references to Chubb and suggests that Chubb has active involvement and is a resource for insureds. Page 59 of the policy at issue contains a section regarding questions about "your insurance, coverage information, or assistance in resolving complaints" and directs customers to contact "Chubb Customer Support Services Department".

2

The same page also directs customers to contact the Illinois Department of Insurance for assistance with complaints.

Members of plaintiff counsel's firm called two different Illinois numbers listed for Chubb – one in Chicago and another in Schaumburg (Chicago: 312-775-3100 and Schaumburg: 630-875-6000). Each number allowed callers to inquire regarding claims and other issues related to the claims. Both Chubb Illinois offices that were contacted by phone answered as "Chubb". A call to one number was answered by a live person and another call prompted an automated call system for Chubb in relation to insurance policies.

\* \* \*

A partial schedule from the policy at issue with references to Chubb is listed here:

> 82: Schedule of Notices: ILN17511 IL notice to policyholder, Religious Freedom Act – mentions Chubb in the Header
> - Under Schedule of Notices
>   - Form No. ILN1751111: Illinois Notice to Policyholders Regarding The Religious Freedom Protection and Civil Union Act
>
> 88: Schedule of Endorsements: IL Changes—Cancellation & Non-renewal, Defense Costs, and Uninsured Motorists Coverage – Mentions Chubb in the header
> - Under Schedule of Endorsements
>   - Endt. No. 55; Form No. CA01200115 Illinois Changes
>   - Endt. No. 56; Form No. CA02700118 Illinois Changes – Cancellation And Nonrenewal
>   - Endt. No. 57; Form No. IL01621013 Illinois Changes – Defense Costs
>   - Endt. No. 58; Form No. CA21300115 Illinois Uninsured Motorists Coverage
>
> 94: Schedule of Endorsements: IL Changes—Civil Union  - Mentions Chubb in the Header
> - Endt. 170; Form No. IL01470911 Illinois Changes - Civil Union
>
> ACE Policy (with references to Chubb)
> 6: Index, IL Notice to Policyholders Regarding Religious Freedom Protection and Civil Union Act

3

9: Index, IL Changes: Cancellation & Non-renewal, Defense Costs, Uninsured
Motorists Coverage

12: Index: IL Changes: Civil Union

(2) <u>Whether Chubb is a required party that must be joined as a defendant under Federal Rule of Civil Procedure 19; and</u>

The aforementioned policy information directing customers to contact "Chubb Customer Support Services Department" suggests that that there are operations for "Chubb", such as directing inquiries regarding "your insurance, coverage information, or assistance in resolving complaints." The same page of the policy directs customers to contact the Illinois Department of Insurance for assistance. There is no verification or certification that supports lack of involvement by "Chubb", which appears to be necessary, based upon the language of the policy issued under the umbrella of Chubb Companies.

(3) <u>Whether the court would retain subject matter jurisdiction if Chubb is joined to this action under Rule 19.</u>

If the court determined that Chubb needed to be joined, then it would not appear that this court has subject matter jurisdiction, based upon the information known to date.

Dated: July 25, 2023.                                            Respectfully submitted,



                                                        Plaintiff, Jason Rahimzadeh


                                                        */s/ Jason E. DeVore*
                                                        **Jason E. DeVore (ARDC #62422782)**
                                                        **Troy S. Radunsky (ARDC #6269281)**
                                                        **DeVore Radunsky, LLC**
                                                        **230 W. Monroe Suite 230**
                                                        **Chicago, Illinois**
                                                        **312-300-4479**

4

tradunsky@devoreradunsky.com
jdevore@devoreradunsky.com


ACE American Insurance Company

/s/ Kevin R. O'Neill
Kevin R. O'Neill
Walker Wilcox Matousek LLP
One N. Franklin St., Ste. 3200
Chicago, IL 60606
Telephone: (312) 244-6700
koneill@walkerwilcox.com
Firm ID: 41812